UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and<br><br>OFFICE OF THE ATTORNEY GENERAL,<br>STATE OF FLORIDA,<br>DEPARTMENT OF LEGAL AFFAIRS,<br><br>              Plaintiffs,<br><br>v.<br><br>TREASHONNA P. GRAHAM, a/k/a SHONNA GRAHAM, a/k/a TREASHONNA LEE WILLIAMS, a/k/a SHONNA LEE WILLIAMS, also d/b/a The GRANT BAE, GRANT BAE, and GRANT BAE CONSULTING AND MORE, individually and as a member, manager, or owner of C LEE ENTERPRISES LLC, and<br><br>C LEE ENTEPRISES LLC, a Florida limited liability company, also d/b/a GRANT BAE and GRANT BAE CONSULTING AND MORE,<br><br>              Defendants. | Case No. 3:22-cv-655-MMH-JBT<br><br>*EX PARTE* TEMPORARY RESTRAINING ORDER WITH ASSET FREEZE, APPOINTMENT OF A TEMPORARY RECEIVER, AND OTHER EQUITABLE RELIEF, AND SETTING A PRELIMINARY INJUNCTION HEARING<br><br>(FILED UNDER SEAL) |

Plaintiffs, the Federal Trade Commission ("FTC"), and the Office of the

Attorney General, State of Florida, Department of Legal Affairs ("Florida Attorney

General"), have filed their Complaint for Permanent Injunction and Other Equitable

Relief pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act

("FTC Act"), 15 U.S.C. §§ 53(b) and 57b; Section 1401(c)(1) of the COVID-19

Consumer Protection Act of the 2021 Consolidated Appropriations Act, Pub. L. No. 116-260, 134 Stat. 1182, Title XIV, § 1401(c)(1), 15 U.S.C. § 45 note (Prohibiting Deceptive Acts or Practices in Connection With the Novel Coronavirus ("CCPA") § 1401(c)(1)) ("COVID-19 Consumer Protection Act" or "CCPA"); and the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes ("FDUTPA"), and have moved, pursuant to Fed. R. Civ. P. 65(b), for a temporary restraining order, asset freeze, other equitable relief, and an order to show cause why a preliminary injunction should not issue against Defendants Treashonna P. Graham and C Lee Enterprises LLC.  See Plaintiffs' Ex Parte Motion for Temporary Restraining Order with Asset Freeze, Appointment of a Temporary Receiver, Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue, and Memorandum in Support Thereof (Doc. 5; Motion), filed on June 13, 2022.

## FINDINGS OF FACT

The Court, having considered the Complaint, the *ex parte* Motion, the declarations and exhibits, as well as the memorandum of points and authorities filed in support of the Motion, and being otherwise advised, finds that:

A.     This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this district is proper.

B.      There is good cause to believe that in numerous instances, Defendants have operated a grant writing and business consulting scheme in which they, among other things:

1.      Falsely represent that Grant Bae clients will receive grant funding;

2.      Falsely represent that any minority-owned business will receive a minimum of $25,000 in grant funding;

3.      Falsely represent the amount of grant funding Defendants had historically secured (e.g., that Defendants secured $32 million in grant funding between May 24, 2021, and August 24, 2021, and secured $75 million in grant funding during calendar year 2021);

4.      Falsely represent that most Grant Bae clients will receive funds within five to seven days of the grant's "closing" date provided by Grant Bae;

5.      Falsely represent that Defendants provide a "money-back guarantee";

6.      Falsely represent that their Longevity Pilot program would provide consumers access to legal, accounting, branding, and consulting services; and

7.      Falsely represent that Grant Bae would apply on consumers' behalves for grant funds under the federal government's COVID-19 Economic Injury Disaster Loan ("EIDL") program.

3

C.      There is good cause to believe that Defendants Treashonna P. Graham and C Lee Enterprises LLC have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); Section 1401(b)(2) of the CCPA, 15 U.S.C. § 45 note (CCPA § 1401(b)(2)); and the FDUTPA, Chapter 501, Part II, Florida Statutes, and that Plaintiffs are therefore likely to prevail on the merits of this action. As demonstrated by the declarations, and accompanying attachments, of the FTC's investigator, individual consumers, and grant writing expert David Bauer, and the additional documentation filed by the FTC, Plaintiffs have established a likelihood of success in showing that Defendants made numerous false statements to lure consumers into paying for "guaranteed" grant funding that Defendants could not, and did not, obtain.[1]

D.      There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of the FTC Act, the CCPA, and the FDUTPA unless Defendants are restrained and enjoined by order of this Court.

E.      There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers—including monetary restitution, rescission, disgorgement or refunds—will occur from the sale, transfer, destruction or other disposition or concealment by Defendants of their

---

[1] Consistent with temporary restraining order practice, these findings are based solely on Plaintiffs' pleadings and declarations and are made for the purpose of resolving the TRO Motion.  This conclusion does not foreclose the argument at the preliminary injunction hearing that Plaintiffs cannot establish a likelihood of success on the merits.

assets or records, unless Defendants are immediately restrained and enjoined by order of this Court; and that, in accordance with Fed. R. Civ. P. 65(b), the interests of justice require that this Order be granted without prior notice to Defendants. Thus, there is good cause for relieving Plaintiffs of the duty to provide Defendants with prior notice of its Motion for a Temporary Restraining Order.

F.      Good cause exists for appointing a temporary receiver over the Receivership Entities, freezing Defendants' assets, authorizing the temporary receiver to take possession of items of Defendants' personal property as governed by Section XIII.E. of this Order, permitting Plaintiffs and the Receiver immediate access to Defendants' business premises, including premises located in residential properties, and permitting Plaintiffs and the Receiver to take expedited discovery.

G.      Weighing the equities and considering Plaintiffs' likelihood of ultimate success on the merits, a temporary restraining order with an asset freeze, the appointment of a temporary receiver, immediate access to business premises, including premises located in residential properties, expedited discovery, and other equitable relief is in the public interest.

H.      This Court has authority to issue this Order pursuant to Sections 13(b) and 19 of the FTC Act, 15 U.S.C. §§ 53(b) and 57b; section 501.207 of the Florida Statutes; Federal Rule of Civil Procedure 65; and the All Writs Act, 28 U.S.C. § 1651.

I.      No security is required of any agency of the United States for issuance of a temporary restraining order. Fed. R. Civ. P. 65(c).

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A.      "**Asset**" means any legal or equitable interest in, right to, or claim to, any property, wherever located and by whomever held, whether tangible, intangible, digital, intellectual property, or otherwise.

B.      "**Corporate Defendant**" means C Lee Enterprises LLC, also doing business as Grant Bae and Grant Bae Consulting and More, and each of its subsidiaries, affiliates, successors, and assigns.

C.      "**Defendants**" means Corporate Defendant and Individual Defendant, individually, collectively, or in any combination.

D.      "**Document**" is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contracts, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations

6

from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

E.     "**Electronic Data Host**" means any person or entity in the business of storing, hosting, or otherwise maintaining electronically stored information. This includes, but is not limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

F.     "**Individual Defendant**" means Treashonna P. Graham, and by whatever other name she may be known.

G.     "**Receiver**" means the temporary receiver appointed in Section XII of this Order and any deputy receivers that shall be named by the temporary receiver.

H.     "**Receivership Entities**" means Corporate Defendant and any other entity that has conducted any business related to Defendants' grant writing and business consulting services, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant.

**ORDER**

**I.     PROHIBITED BUSINESS ACTIVITIES**

**IT IS THEREFORE ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the

7

advertising, marketing, promoting, or offering for sale of any goods or services related to business consulting, or the procurement of grants, loans or any other form of traditional or non-traditional funding, are temporarily restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication, material facts such as:

    A.  That consumers are guaranteed to receive grant funding;

    B.  That consumers will receive a certain dollar amount of grant funding;

    C.  The amounts of funding Defendants have secured historically;

    D.  That consumers will receive funds in a certain amount of time;

    E.  That Defendants provide a "money-back guarantee";

    F.  The nature and extent of the business consulting services offered by Defendants (for example, the Longevity Pilot and its accompanying services and benefits);

    G.  That Defendants will apply on any consumer's behalf for particular grant or loan funding (for example, funds under the Small Business Administration's Economic Injury Disaster Loan (EIDL) program); and

    H.  Any fact regarding the total costs; any restrictions, limitations, or conditions; or any other aspect of the performance, efficacy, nature, or central characteristics of the goods or services offered.

## II.    PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation

8

with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from disclosing, using, transferring, or benefitting from customer information, including the name, address, telephone number, email address, birth date, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order.

Provided, however, that Defendants may disclose such identifying information to a law enforcement agency, to their attorneys as required for their defense, as required by any law, regulation, or court order, or in any filings, pleadings, or discovery in this action in the manner required by the Federal Rules of Civil Procedure and by any protective order in the case.

## III.   ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing of any Assets that are:

1.      owned or controlled, directly or indirectly, by any Defendant;

2.      held, in part or in whole, for the benefit of any Defendant;

3.      in the actual or constructive possession of any Defendant; or

4.      owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant.

B.      Opening or causing to be opened any safe deposit boxes, commercial mailboxes, or storage facilities titled in the name of any Defendant or subject to access by any Defendant, except as necessary to comply with written requests from the Receiver acting pursuant to its authority under this Order;

C.      Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager. This includes any corporate bankcard or corporate credit card account for which any Defendant is, or was on the date that this Order was signed, an authorized signor;[2] or

D.      Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

---

[2] However, this section does <u>not</u> prohibit the Individual Defendant from incurring charges on a <u>personal</u> credit card established prior to entry of this Order as provided in Part IV.A.

The Assets affected by this Section shall include: (1) all Assets of Defendants as of the time this Order is entered; and (2) Assets obtained by Defendants after this Order is entered if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order. This Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this Order.

## IV.   DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, casino, business entity, or person who receives actual notice of this Order (by service or otherwise) that:

(a) has held, controlled, or maintained custody, through an account or otherwise, of any Document on behalf of any Defendant or any Asset that has been: owned or controlled, directly or indirectly, by any Defendant; held, in part or in whole, for the benefit of any Defendant; in the actual or constructive possession of any Defendant; or owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant;

(b) has held, controlled, or maintained custody, through an account or otherwise, of any Document or Asset associated with credits, debits, or charges made

11

on behalf of any Defendant, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, casinos, or other entities; or

(c) has extended credit to any Defendant, including through a credit card account, shall:

A.      Hold, preserve, and retain within its control and prohibit the withdrawal, removal, alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment, conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or other property related to such Assets, except by further order of this Court; provided, however, that this provision does not prohibit Individual Defendant from incurring charges on a personal credit card established prior to entry of this Order, up to the pre-existing credit limit;

B.      Deny any person, except the Receiver, access to any safe deposit box, commercial mailbox, or storage facility that is titled in the name of any Defendant, either individually or jointly, or otherwise subject to access by any Defendant;

C.      Provide Plaintiffs' counsel and the Receiver, within five (5) days of receiving a copy of this Order, a sworn statement setting forth, for each Asset or account covered by this Section:

1.      The identification number of each such account or Asset;

2.      The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the

12

day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

3. The identification of any safe deposit box, commercial mailbox, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access by any Defendant; and

D. Upon the request of Plaintiffs' counsel or the Receiver, promptly provide Plaintiffs' counsel and the Receiver with copies of all records or other Documents pertaining to each account covered by this Section or Asset, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mail boxes, and storage facilities.

Provided, however, that this Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this Order.

## V.    FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** that each Defendant, within eight (8) days of service of this Order upon them, shall prepare and deliver to Plaintiffs' counsel and the Receiver:

A.    completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for the Individual Defendant, and **Attachment B** (Financial Statement of Corporate Defendant) for the Corporate Defendant; and

B.    completed **Attachment C** (IRS Form 4506, Request for Copy of a Tax Return) for the Individual Defendant and the Corporate Defendant.

## VI.    FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that within eight (8) days following the service of this Order, each Defendant shall:

A.    Provide Plaintiffs' counsel and the Receiver with a full accounting, verified under oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of the United States which are:  (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant;

B.      Take all steps necessary to provide Plaintiffs' counsel and Receiver access to all Documents and records that may be held by third parties located outside of the territorial United States of America, including signing the Consent to Release of Financial Records appended to this Order as **Attachment D**.

C.      Transfer to the territory of the United States all Documents and Assets located in foreign countries which are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant or for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant; and

D.      The same business day as any repatriation, (1) notify the Receiver and counsel for Plaintiffs of the name and location of the financial institution or other entity that is the recipient of such Documents or Assets; and (2) serve this Order on any such financial institution or other entity.

## VII.   NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign

Assets, or in the hindrance of the repatriation required by this Order, including, but not limited to:

     A.    Sending any communication or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time that all Defendants' Assets have been fully repatriated pursuant to this Order; or

     B.    Notifying any trustee, protector or other agent of any foreign trust or other related entities of either the existence of this Order, or of the fact that repatriation is required pursuant to a court order, until such time that all Defendants' Assets have been fully repatriated pursuant to this Order.

## VIII.  CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiffs may obtain credit reports concerning any Defendants pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. 1681b(a)(1), and that, upon written request, any credit reporting agency from which such reports are requested shall provide them to Plaintiff.

## IX.  PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby temporarily restrained and enjoined from:

A.      Destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that relate to:  (1) the business, business practices, Assets, or business or personal finances of any Defendant; (2) the business practices or finances of entities directly or indirectly under the control of any Defendant; or (3) the business practices or finances of entities directly or indirectly under common control with any other Defendant; and

B.      Failing to create and maintain Documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of Defendants' Assets.

## X.      PRESERVATION OF RECORDS BY THIRD PARTIES

**IT IS FURTHER ORDERED** that any person who receives actual notice of this Order (by service or otherwise) that has held, controlled, or maintained custody of any Document on behalf of any Defendant that relates to the business or business practices of any Defendant or of any entity directly or indirectly under the control of any Defendant is hereby temporarily restrained and enjoined from destroying, erasing, falsifying, writing over, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any such Documents.

## XI.      REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or

17

indirectly, are hereby temporarily restrained and enjoined from creating, operating, or exercising any control over any business entity, whether newly formed or previously inactive, including any partnership, limited partnership, joint venture, sole proprietorship, or corporation, without first providing Plaintiffs' counsel and the Receiver with a written statement disclosing:  (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers, and employees; and (4) a detailed description of the business entity's intended activities.

## XII.   TEMPORARY RECEIVER

**IT IS FURTHER ORDERED** that Mark Bernet, Partner at Akerman LLP is appointed as temporary receiver of the Receivership Entities with full powers of an equity receiver.  The Receiver shall be solely the agent of this Court in acting as Receiver under this Order.

## XIII.  DUTIES AND AUTHORITY OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to accomplish the following:

A.      Assume full control of Receivership Entities by removing, as the Receiver deems necessary or advisable, any director, officer, independent contractor, employee, attorney, or agent of any Receivership Entity from control of, management of, or participation in, the affairs of the Receivership Entity;

18

B.      Take exclusive custody, control, and possession of all Assets and Documents of, or in the possession, custody, or under the control of, any Receivership Entity, wherever situated;

C.      Take exclusive custody, control, and possession of all Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, casinos, or other entities;

D.      Take exclusive custody, control, and possession of all computers, electronic devices, mobile devices, machines, and other items that store, or that the Receiver has reason to believe are storing, electronic data related in any way to the business operations of the Receivership Entities, even if such computers, electronic devices, mobile devices, machines, and storage items are also used for non-business purposes; Provided that, after imaging as directed in Part XIV.D., the Receiver **shall return** those items within **seventy-two (72) hours** unless, prior to the expiration of this deadline and upon proper motion, the Court finds good cause to extend the time for retention.

E.      Take exclusive custody, control and possession of all items of personal property in the possession of Defendants that the Receiver (i) has good reason to believe were either used in connection with the operation of the Defendants' business operations or acquired with the proceeds of the Defendants' business operations, and

19

(ii) has good reason to believe may be removed, sold, concealed or otherwise disposed of by the Defendants or their agents.  The Receiver shall exercise restraint in his use of this authority and shall ensure that the Individual Defendant retains those items of personal property reasonably necessary for daily living, including at least one vehicle.

   F. Conserve, hold, manage, and prevent the loss of all Assets of the Receivership Entities, and perform all acts necessary or advisable to preserve the value of those Assets. The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Entities. The Receiver shall have full power to sue for, collect, and receive all Assets of the Receivership Entities and of other persons or entities whose interests are now under the direction, possession, custody, or control of the Receivership Entities. Provided, however, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer's debt to the Receivership Entities has resulted from the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

   G. Obtain, conserve, hold, manage, and prevent the loss of all Documents of the Receivership Entities, and perform all acts necessary or advisable to preserve such Documents. The Receiver shall:  divert mail; preserve all Documents of the Receivership Entities that are accessible via electronic means (such as online access to financial accounts and access to electronic Documents held onsite or by Electronic Data Hosts) by changing usernames, passwords or other log-in credentials; take

possession of all electronic Documents of the Receivership Entities stored onsite or remotely; take whatever steps necessary to preserve all such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for the purpose of obtaining electronic Documents stored onsite or remotely;

H.      Request permission from the Court to engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists in the event the Receiver believes it to be advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

I.      Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his or her duties as Receiver. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Entities prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Entities, such as rental payments;

J.      Take all steps necessary to secure and take exclusive custody of each location from which the Receivership Entities operate their businesses, excepting locations in residential properties.[3] Such steps may include, but are not limited to,

---

[3] Nothing about this subsection prevents the Receiver from exercising the authority for immediate <u>access</u> to any residential property owned, controlled, or used by the Receivership Entities as provided in Part XXI.  Likewise, as provided in Part XXI, the Receiver is permitted

any of the following, as the Receiver deems necessary or advisable:  (1) securing the location by changing the locks and alarm codes and disconnecting any internet access or other means of access to the computers, servers, internal networks, or other records maintained at that location; and (2) requiring any persons present at the location to leave the premises, to provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Receivership Entities. Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security. If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

K.      Take all steps necessary to prevent the modification, destruction, or erasure of any web page or website registered to and operated, in whole or in part, by any Defendants, and to provide access to all such web page or websites to Plaintiffs' representatives, agents, and assistants, as well as Defendants and their representatives;

L.      Enter into and cancel contracts and purchase insurance as advisable or necessary;

---

to exclude Defendants, Receivership Entities, and their employees from such residential locations during the period of immediate access.

22

M.      Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers who have transacted business with the Receivership Entities;

N.      Make an accounting and inventory, as soon as practicable, of the Assets and financial condition of the receivership and file the accounting with the Court and deliver copies thereof to all parties;

O.      Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal, or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Entities, or to carry out the Receiver's mandate under this Order, including, but not limited to, actions challenging fraudulent or voidable transfers;

P.      Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the receivership estate, in addition to obtaining other discovery as set forth in this Order;

Q.      Open one or more bank accounts at designated depositories for funds of the Receivership Entities. The Receiver shall deposit all funds of the Receivership Entities in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts. The Receiver shall serve copies of monthly account statements on all parties;

R.      Maintain accurate records of all receipts and expenditures incurred as Receiver;

S.      Allow Plaintiffs' representatives, agents, and assistants, as well as Defendants and their representatives, reasonable access to the premises of the Receivership Entities, or any other premises where the Receivership Entities conduct business. The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Receivership Entities or their agents. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access;

T.      Allow Plaintiffs' representatives, agents, and assistants, as well as Defendants and their representatives, reasonable access to all Documents in the possession, custody, or control of the Receivership Entities;

U.      Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

V.      Suspend business operations of the Receivership Entities if in the judgment of the Receiver such operations cannot be continued legally and profitably;

W.      If the Receiver identifies a nonparty entity as a Receivership Entity, promptly notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's determination by filing a motion with the Court. Provided, however, that the Receiver may delay providing such notice until the Receiver has established control of the nonparty entity and its assets and records, if the Receiver determines that notice to the entity or the parties before the Receiver establishes control over the entity may result in the destruction of records, dissipation of assets, or any other obstruction of the Receiver's control of the entity;

24

X.      If in the Receiver's judgment the business operations cannot be continued legally and profitably, take all steps necessary to ensure that any of the Receivership Entities' web pages or websites relating to the activities alleged in the Complaint cannot be accessed by the public, or are modified for consumer education and/or informational purposes, and take all steps necessary to ensure that any telephone numbers associated with the Receivership Entities cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations; and

Y.      Prepare and file with the Court a written report no later than 4:00 p.m. on July 1, 2022, that describes (1) the steps taken by the Receiver to implement the terms of the Order; (2) the value of all assets and sum of all liabilities of the Receivership Entities; (3) the steps the Receiver intends to take in the future to protect receivership assets, recover receivership assets from third parties, and adjust receivership liabilities; (4) the Receiver's opinion on whether any portion of the business of any of the Receivership Entities can continue to operate legally and profitably; and (5) any other matters which the Receiver believes should be brought to the Court's attention.

Z.      Within fourteen (14) days of the time the Receiver takes possession of any items of personal property of any Defendant as authorized by subparagraphs D and E above, after conferring with Plaintiffs and the Receiver as required by Local Rule 3.01(g), any Defendant may petition the Court for their return by filing a verified motion identifying the item(s) of personal property they wish to be returned

and the reason(s) they believe that the items should be returned.  Plaintiffs and the Receiver then may file a response as authorized by the Local Rules.

## XIV.  TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants and any other person with possession, custody or control of property of, or records relating to, the Receivership Entities shall, upon actual notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Entities and immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A.      All Assets held by or for the benefit of the Receivership Entities;

B.      All Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third-party processors, payment gateways, insurance companies, casinos, or other entities;

C.      All Documents of or pertaining to the Receivership Entities, including all communications occurring via electronic mail, electronic messaging service, or encrypted messaging service (including but not limited to Signal, WhatsApp, Facebook Messenger, Instagram Direct, Twitter Direct Message), even if such email or messaging services are also used for non-business purposes;

D.      All computers, electronic devices, mobile devices, machines, and other items that store electronic data related in any way to the business operations of the Receivership Entities, even if such computers, electronic devices, mobile devices, machines, and storage items are also used for non-business purposes. Provided, however, that the Receiver must image those devices and then return such devices to Defendants once, following imaging and a forensic analysis, the Receiver is satisfied that such devices can no longer be used for business purposes relating to the activities alleged in the Complaint and such devices are purged of any customer information as described in Section II of this Order.  In any event, as specified in Part XIII.D., these items **must** be returned within **seventy-two hours** unless extended by Order of the Court.

E.      All Assets and Documents, related to the Receivership Entities, belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Entities; and

F.      All keys, codes, user-names, passwords, and other access mechanisms (such as two-factor authentication) necessary to gain or to secure access to any Assets or Documents of or pertaining to the Receivership Entities, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, encrypted messaging services, or other property.

In the event that any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the

Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

## XV.   PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants shall immediately provide to the Receiver:

A.     A list of all Assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any person or entity other than a Receivership Entity;

B.     A list of all agents, employees, officers, attorneys, representatives and those persons in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities; and

C.     A description of any Documents covered by attorney-client privilege or attorney work product, including files where such Documents are likely to be located, authors or recipients of such Documents, and search terms likely to identify such electronic Documents.

## XVI.  COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, and attorneys; all other persons in active concert or participation with any of them; and any other person with possession, custody, or control of property of or records relating to the Receivership Entities who receive actual notice of this Order shall fully cooperate with and assist the Receiver. This cooperation and assistance shall include, but is not

28

limited to, providing information to the Receiver that the Receiver deems necessary to exercise the authority and discharge the responsibilities of the Receiver under this Order; providing all keys, codes, user-names, passwords, and other access mechanisms (such as two-factor authentication) required to access any computers, electronic devices, mobile devices, and machines (onsite and remote), and any cloud account (including specific method to access the account) or electronic file in any medium; advising all persons who owe money to any Receivership Entity that all debts should be paid directly to the Receiver; and transferring funds at the Receiver's direction and producing records related to the Assets and sales of the Receivership Entities.

## XVII. NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants; Receivership Entities; Defendants' or Receivership Entities' officers, agents, employees, attorneys; and all other persons in active concert or participation with any of them, who receive actual notice of this Order, and any other person served with a copy of this Order, are hereby restrained and enjoined from directly or indirectly:

A.      Interfering with the Receiver's efforts to manage or take custody, control, or possession of the Assets or Documents subject to the receivership;

B.      Transacting any of the business of the Receivership Entities;

C.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in

the possession or custody of, or in which an interest is held or claimed by, the

Receivership Entities; or

D.      Refusing to cooperate with the Receiver or the Receiver's duly

authorized agents in the exercise of their duties or authority under any order of this

Court.

## XVIII.      STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the

pendency of the receivership ordered herein, Defendants, Defendants' officers,

agents, employees, attorneys, and all other persons in active concert or participation

with any of them, who receive actual notice of this Order, and their corporations,

subsidiaries, divisions, or affiliates, and all investors, creditors, stockholders, lessors,

customers, and other persons seeking to establish or enforce any claim, right, or

interest against or on behalf of Defendants, and all others acting for or on behalf of

such persons, are hereby enjoined from taking action that would interfere with the

exclusive jurisdiction of this Court over the Assets or Documents of the Receivership

Entities, including, but not limited to:

A.      Filing or assisting in the filing of a petition for relief under the

Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding on

behalf of the Receivership Entities;

B.      Commencing, prosecuting, or continuing a judicial, administrative, or

other action or proceeding against the Receivership Entities, including the issuance

or employment of process against the Receivership Entities, except that such actions

may be commenced if necessary to toll any applicable statute of limitations; or

      C.      Filing or enforcing any lien on any asset of the Receivership Entities,

taking or attempting to take possession, custody, or control of any Asset of the

Receivership Entities; or attempting to foreclose, forfeit, alter, or terminate any

interest in any Asset of the Receivership Entities, whether such acts are part of a

judicial proceeding, are acts of self-help, or otherwise.

      Provided, however, that this Order does not stay: (1) the commencement or

continuation of a criminal action or proceeding; (2) the commencement or

continuation of an action or proceeding by a governmental unit to enforce such

governmental unit's police or regulatory power; or (3) the enforcement of a

judgment, other than a money judgment, obtained in an action or proceeding by a

governmental unit to enforce such governmental unit's police or regulatory power.

## XIX.  COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the

Receiver, including counsel to the Receiver and accountants if authorized by the

Court, are entitled to reasonable compensation for the performance of duties

pursuant to this Order and for the cost of actual out-of-pocket expenses incurred by

them, from the Assets now held by, in the possession or control of, or which may be

received by, the Receivership Entities. The Receiver shall file with the Court and

serve on the parties periodic requests for the payment of such reasonable

compensation, with the first such request filed no more than sixty (60) days after the

date of entry of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee applications without prior approval of the Court.

## XX.   RECEIVER'S BOND

**IT IS FURTHER ORDERED**  that the Receiver is not required to file with the Clerk of this Court a bond until further order of this Court, conditioned that the Receiver will well and truly perform the duties of the office and abide by and perform all acts the Court directs.

## XXI.  IMMEDIATE ACCESS TO BUSINESS PREMISES AND RECORDS

**IT IS FURTHER ORDERED** that:

A.      In order to allow Plaintiffs and the Receiver to preserve Assets and evidence relevant to this action and to expedite discovery, Plaintiffs and the Receiver, and their representatives, agents, contractors, and assistants, shall have immediate access to any business premises, including premises located in residential properties, and storage facilities owned, controlled, or used by the Receivership Entities. Such locations include any location or commercial mailbox used by the Receivership Entities. The Receiver may exclude Defendants, Receivership Entities, and their employees from the business premises, including premises located in residential properties, during the immediate access. In obtaining access to any business premises, including premises located in residential properties, the Receiver is authorized to open or remove any locks or other devices designed to prevent access.

B.      Plaintiffs and the Receiver, and their representatives, agents, contractors, and assistants, are authorized to remove Documents from the Receivership Entities' premises in order that they may be inspected, inventoried, and copied. Plaintiffs shall return any removed materials to the Receiver within five (5) business days of completing inventorying and copying, or at such time as is agreed upon by Plaintiffs and the Receiver.

C.      Plaintiffs' access to the Receivership Entities' Documents pursuant to this Section shall not provide grounds for any Defendant to object to any subsequent request for Documents served by Plaintiffs.

D.      Plaintiffs and the Receiver, and their representatives, agents, contractors, and assistants, are authorized to obtain the assistance of federal, state, and local law enforcement officers as they deem necessary to effect service and to implement peacefully the provisions of this Order.

E.      If any communications or records of any Receivership Entity are stored with an Electronic Data Host, such Entity shall, immediately upon receiving notice of this Order, provide the Receiver with the username, passwords, and any other login credential needed to access the communications and records, and shall not attempt to access, or cause a third party to attempt to access, the communications or records.

## XXII. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this Order to each affiliate, telemarketer, marketer, sales entity, successor,

assign, member, officer, director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division, and representative of any Defendant, and shall, within ten (10) days from the date of entry of this Order, provide Plaintiffs and the Receiver with a sworn statement that this provision of the Order has been satisfied, which statement shall include the names, physical addresses, phone number, and email addresses of each such person or entity who received a copy of the Order. Furthermore, Defendants shall not take any action that would encourage officers, agents, members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries, affiliates, successors, assigns or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXIII.      EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, notwithstanding provisions of the Fed. R. Civ. P. 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Fed. R. Civ. P. 30(a), 33, 34, and 45, Plaintiffs and the Receiver are granted leave, at any time after service of this Order, to conduct limited expedited discovery for the purpose of discovering: (1) the nature, location, status, and extent of Defendants' Assets; (2) the nature, location, and extent of Defendants' business transactions and operations; (3) Documents reflecting Defendants' business transactions and operations; or (4) compliance with this Order. The limited expedited discovery set forth in this Section shall proceed as follows:

A.     Plaintiffs and the Receiver may take the deposition of parties and non-parties. Forty-eight (48) hours' notice shall be sufficient notice for such depositions. The limitations and conditions set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) of the Federal Rules of Civil Procedure regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such deposition taken pursuant to this Section shall not be counted toward the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A), and depositions may be taken by telephone or other remote electronic means.

B.     Plaintiffs and the Receiver may serve upon parties requests for production of Documents or inspection that require production or inspection within five (5) days of service, provided, however, that three (3) days of notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format.

C.     Plaintiffs and the Receiver may serve upon parties interrogatories that require response within five (5) days of service.

D.     Plaintiffs and the Receiver may serve subpoenas upon non-parties that direct production or inspection within seven (7) days of service.

E.     Service of discovery upon a party to this action, taken pursuant to this Section, shall be sufficient if made by facsimile, email, or overnight delivery.

F.     Any expedited discovery taken pursuant to this Section is in addition to, and is not subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court. The expedited discovery permitted by

35

this Section does not require a meeting or conference of the parties pursuant to Rules 26(d) & (f) of the Federal Rules of Civil Procedure.

G.     The Parties are exempted from making initial disclosures under Fed. R. Civ. P. 26(a)(1) until further order of this Court.

## XXIV.     SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order, as well as the Motion for Temporary Restraining Order and all other pleadings, Documents, and exhibits filed contemporaneously with that Motion (other than the Complaint and summons), may be served by any means, including facsimile transmission, electronic mail or other electronic messaging service, personal or overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiffs, by any law enforcement agency, or by private process server, upon any Defendant or any person (including any financial institution) that may have possession, custody, or control of any Asset or Document of any Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2) of the Federal Rules of Civil Procedure. For purposes of this Section, service upon any branch, subsidiary, affiliate, or office of any entity shall effect service upon the entire entity.

## XXV. CORRESPONDENCE AND SERVICE ON PLAINTIFFS

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence and service of pleadings on Plaintiffs shall be done via electronic transmission to:

For Plaintiff Federal Trade Commission:

Miriam Lederer at mlederer@ftc.gov
Daniel Wilkes at dwilkes@ftc.gov

For Plaintiff Office of the Attorney General, State of Florida, Department of

Legal Affairs:

Carol E.A. DeGraffenreidt at
Carol.DeGraffenreidt@myfloridalegal.com

## XXVI.      PRELIMINARY INJUNCTION HEARING

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 65(b), the

parties shall appear on **Tuesday, July 5, 2022, at 2:00 p.m.,** at the United States

Courthouse, Courtroom 10B, Jacksonville, Florida, for a hearing before the

undersigned to determine whether this Temporary Restraining Order should be

dissolved or converted to a preliminary injunction, pending final resolution of this

action.[4]  The Temporary Receiver is also directed to appear in person at the Hearing.

In issuing this Temporary Restraining Order, the Court understands that

Defendants have not yet been given an opportunity to be heard.  The Court

emphasizes that the finding that Plaintiffs have, on this limited record, shown a

substantial likelihood of success on the claims in this action, is not a dispositive

ruling on any request for preliminary injunctive relief.  However, on this record, the

---

[4] All persons entering the Courthouse must present photo identification to Court Security
Officers.  Although cell phones, laptop computers, and similar electronic devices generally
are not permitted in the building, attorneys may bring those items with them upon
presentation to Court Security Officers of a Florida Bar card (presentation of the Duval
County Courthouse lawyer identification card will suffice) or Order of special admission pro
hac vice.  However, all cell phones must be turned off while in the courtroom.

Court is persuaded that issuing the Temporary Restraining Order until a full hearing can be held on Plaintiffs' request for preliminary injunctive relief is the lawful and proper action.

## XXVII.     BRIEFS AND AFFIDAVITS CONCERNING PRELIMINARY INJUNCTION

**IT IS FURTHER ORDERED** that:

A.     Plaintiffs shall have up to and including **June 27, 2022**, to file a supplemental memorandum addressing the issues discussed at the June 17, 2022 Hearing.  See Minute Entry (Doc. 17).  Defendants shall file with the Court and serve on Plaintiffs' counsel their response to the Motion, along with any supporting documents or other motions, no later than **June 29, 2022.**

B.     An evidentiary hearing on Plaintiffs' request for a preliminary injunction is not necessary unless Defendants demonstrate that they have, and intend to introduce, evidence that raises a genuine and material factual issue. The question of whether this Court should enter a preliminary injunction shall be resolved on the pleadings, declarations, exhibits, and memoranda filed by, and oral argument of, the parties. Live testimony shall be heard only on further order of this Court. Any motion to permit such testimony may be raised at the July 5, 2022 hearing, after which the Court will determine whether an evidentiary hearing is necessary.  Any party making such request shall be prepared to provide the Court and opposing counsel with the name, address, and telephone number of each proposed witness, a detailed summary or affidavit revealing the substance of each proposed witness's

38

expected testimony, and an explanation of why the taking of live testimony would be helpful to this Court.

## XXVIII.    DURATION OF THE ORDER

**IT IS FURTHER ORDERED** that the Temporary Restraining Order granted herein shall expire on **July 5, 2022, at 3:00 p.m.**, unless within such time the Order is extended for an additional period pursuant to Fed. R. Civ. P. 65(b)(2).

## XXIX.    RULING ON THE MOTION

**IT IS FURTHER ORDERED** that Plaintiffs' Ex Parte Motion for Temporary Restraining Order with Asset Freeze, Appointment of a Temporary Receiver, Other Equitable Relief, and Order to Show Cause Why a Preliminary Injunction Should Not Issue, and Memorandum in Support Thereof (Doc. 5) is **GRANTED** to the extent set forth herein.

## XXX. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED, this 21st day of June, 2022, at 3:00 p.m.

**MARCIA MORALES HOWARD**
United States District Judge