UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and<br><br>OFFICE OF THE ATTORNEY GENERAL,<br>STATE OF FLORIDA,<br>DEPARTMENT OF LEGAL AFFAIRS,<br><br>Plaintiffs,<br><br>v.<br><br>TREASHONNA P. GRAHAM, et al.,<br><br>Defendants. | Case No. 3:22-cv-655-MMH-JBT<br><br>STIPULATED ORDER FOR PERMANENT INJUNCTION, MONETARY JUDGMENT, AND OTHER RELIEF AS TO DEFENDANTS TREASHONNA P. GRAHAM AND C LEE ENTERPRISES LLC |

Plaintiffs, the Federal Trade Commission ("FTC"), and the Office of the Attorney General, State of Florida, Department of Legal Affairs ("Florida Attorney General"), filed on June 13, 2022, their Complaint for Permanent Injunction and Other Equitable Relief ("Complaint") pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b; Section 1401(c)(1) of the COVID-19 Consumer Protection Act of the 2021 Consolidated Appropriations Act, Pub. L. No. 116-260, 134 Stat. 1182, Title XIV, § 1401(c)(1), 15 U.S.C. § 45 note (Prohibiting Deceptive Acts or Practices in Connection With the Novel Coronavirus) ("COVID-19 Consumer Protection Act" or "CCPA"); and the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes ("FDUTPA"). (Doc. 1).  Plaintiffs subsequently filed their First Amended Complaint on August 8, 2022, naming Joey L. Williams, RFNF

Trucking LLC, and A Pot and Two Windows LLC as Relief Defendants.  (Doc. 48).

Plaintiffs and Defendants Treashonna P. Graham and C Lee Enterprises LLC

stipulate to entry of this Stipulated Order for Permanent Injunction, Monetary

Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action

between them.

THEREFORE, IT IS ORDERED as follows:

<strong>FINDINGS</strong>

1.    This Court has jurisdiction over this matter.

2.    The First Amended Complaint charges that Defendants participated in

deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C.

§ 45(a); Section 1401(b)(2) of the CCPA, 15 U.S.C. § 45 note (CCPA § 1401(b)(2));

and the FDUTPA, Chapter 501, Part II, Florida Statutes in the operation of a grant

writing and business consulting scheme.

3.    Defendants neither admit nor deny any of the allegations in the First

Amended Complaint, except as specifically stated in this Order.  Only for purposes

of this action, Defendants admit the facts necessary to establish jurisdiction.

4.    Defendants waive any claim that they may have under the Equal

Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action

through the date of this Order, and agree to bear their own costs and attorney fees.

5.    Defendants waive all rights to appeal or otherwise challenge or contest

the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A. **"Defendants"** means the Corporate Defendant and Individual Defendant, individually, collectively, or in any combination.

    1. **"Corporate Defendant"** means C Lee Enterprises LLC, also doing business as Grant Bae and Grant Bae Consulting and More, and each of its subsidiaries, affiliates, successors, and assigns.

    2. **"Individual Defendant"** means Treashonna P. Graham, and by whatever other name she may be known.

B. **"Receiver"** means Mark J. Bernet, the receiver for the Corporate Defendant.

## ORDER

## I. BAN ON GRANT-RELATED PRODUCTS OR SERVICES

IT IS ORDERED that Defendants are permanently restrained and enjoined from advertising, marketing, promoting, or offering for sale, or assisting in the advertising marketing, promoting, or offering for sale of any product or service, including a plan, program, or membership, that is represented, directly or by implication, to assist a consumer in any manner in obtaining a grant or other financial assistance from the government or any other source.

## II. BAN ON BUSINESS CONSULTING PRODUCTS OR SERVICES

IT IS FURTHER ORDERED that Defendants are permanently restrained and enjoined from advertising, marketing, promoting, or offering for sale, or assisting

3

in the advertising marketing, promoting, or offering for sale of any product or service, including any program or plan, that is represented, expressly or by implication, to train or teach a consumer how to establish, operate, or improve a business, including business entity formation, corporate document filing, business plans, market research, business credit development, product sourcing and drop shipping packages, website tools and services (such as website design, building, hosting products or services), Internet research tools and services, and Internet marketing packages and services.

## III.   PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Defendants and their officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with promoting or offering for sale any good or service are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A.     That they will provide any product, service, plan, or program;

B.     Any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

C.     That any person is affiliated with, endorsed or approved by, or otherwise connected to any other person, government entity, or any program, including any public, non-profit, or other non-commercial program;

D.     The nature, expertise, position, or job title of any person who provides any product, service, plan, or program;

E.     The identity of the person who will provide any product, service, plan, or program;

F.     That any person providing a testimonial has purchased, received, or used the product, service, plan, or program;

G.     That the experience represented in a testimonial of the product, service, plan, or program represents the person's actual experience resulting from the use of the product, service, plan, or program under the circumstances depicted in the advertisement;

H.     That a consumer will receive legal representation, accounting services, branding services, or consulting services;

I.     Any connections or relationships to non-profits or funders;

J.     Any other fact material to consumers concerning any good or service, including:  the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## IV.     MONETARY JUDGMENT AND PARTIAL SUSPENSION

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of two million one hundred and seven thousand seven hundred twenty-seven dollars and sixty-nine cents ($2,107,727.69) is entered in favor of Plaintiffs against Individual Defendant and Corporate Defendant, jointly and severally. This judgment shall be joint and several with any Relief Defendants to the extent subsequently ordered.

B.      That judgment shall be suspended upon full compliance with the following, time being of the essence:

1.      Defendants are ordered to cooperate fully and take such steps as the Receiver may require, including executing any documents and providing any necessary information, to cause the transfer to the Receiver, or to his qualified settlement fund or other designee, possession and legal and equitable title to the real property described in paragraph A of Attachment A to this Order (collectively, "Graham Real Property").  Further, within 7 days of entry of this Order, the Individual Defendant shall transfer possession of the Graham Real Property to the Receiver or his designee.  To transfer possession of the Graham Real Property, Defendants shall vacate the Graham Real Property in "broom clean condition," and deliver all keys and security codes, if any, to the Receiver along with written notice that possession is surrendered. Following full transfer of title and possession, the Receiver shall be responsible for all maintenance, utilities, taxes, homeowner's association fees, and all other expenses of any nature related to the Graham Real Property. Defendants represent that there are no liens or encumbrances on the Graham

6

Real Property except for that certain mortgage disclosed in the sworn financial statement of the Individual Defendant signed on July 27, 2022, and that they will not add any such encumbrances after signing this Order.  The costs and expenses of transferring the Graham Real Property shall be paid by the receivership estate.  Individual Defendant intentionally, and after consulting with her attorney, expressly waives her right to assert any homestead exemption in the Graham Real Property to the fullest extent permitted by applicable law, and further hereby forever waives, releases, discharges, and disclaims all right, title, and interest in the Graham Real Property described in this sub-paragraph.  Until Defendants transfer title and possession of the Graham Real Property, Defendants shall take no action to diminish the value of the Graham Real Property, including any structures, fixtures, and appurtenances thereto, but instead shall maintain the Graham Real Property in the same condition as on the date Individual Defendant executed her sworn financial statements dated July 27, 2022.  Until Defendants transfer title and possession of the Graham Real Property to the Receiver, Defendants shall remain current on all amounts due and payable on the Graham Real Property, including insurance, utilities, and reasonable and necessary maintenance.  The Individual Defendant shall take such additional and further action as the Receiver reasonably may direct.

2.    Defendants are further ordered to cooperate fully and take such steps as the Receiver may require, including executing any documents and

providing any necessary information, to cause the transfer to the Receiver, or his qualified settlement fund or designee, possession and legal and equitable title (if applicable) of the personal property described in paragraph B of Attachment A to this Order (collectively, "Defendants' Personal Property"). Further, within 7 days of entry of this Order, Defendants shall deliver actual possession of Defendants' Personal Property to the Receiver or his designee, to the extent it has not already been turned over.  Following transfer of title (if applicable) and possession, the Receiver shall be responsible for all maintenance, utilities, taxes, insurance, and all other expenses of any nature related to Defendants' Personal Property.  Defendants represent that there are no liens or encumbrances on Defendants' Personal Property except for those disclosed in Defendants' sworn financial statement signed on July 27, 2022, and that they will not add any such encumbrances after signing this Order. The costs and expenses of transferring Defendants' Personal Property shall be paid by the Receivership.  Defendants hereby forever waive, release, discharge, and disclaim all right, title, and interest in Defendants' Personal Property described in this sub-paragraph. Until Defendants transfer title (if applicable) and possession of Defendants' Personal Property, Defendants shall maintain it in the same condition as on the date Defendants executed their sworn financial statements dated July 27, 2022.  Until Defendants transfer title (if applicable) and possession of Defendants' Personal Property to the Receiver, Defendants shall remain current on all amounts due and payable on

Defendants' Personal Property, including tax, insurance and necessary maintenance, and similar fees.

3. Any entity or person, including Defendants or any financial institution, holding Defendants' frozen assets must transfer those assets to the Receiver in accordance with the Receiver's instructions, within 7 days of the entry of this Order.

C.   Upon the sale of the Graham Real Property and Defendants' Personal Property pursuant to Section VI, the Receiver shall retain all sale proceeds remaining after payment of the items identified in Section VI.A pending further order of the Court, except that Defendant Graham shall retain two thousand dollars ($2,000.00) of the proceeds of the sale of the Graham Real Property, provided that the Receiver determines that Graham has fully complied with her obligations pursuant to Section IV.B.[1]

D.   Plaintiffs' agreement to the suspension of the remainder of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "Financial Attestations") submitted to Plaintiffs, namely:

1.   the sworn financial statement of Individual Defendant Treashonna Graham signed on July 27, 2022, including the attachments; and

2.   the sworn financial statement of Corporate Defendant C Lee Enterprises LLC signed by Treashonna Graham on July 27, 2022, including the attachments.

E.     The suspension of the judgment will be lifted as to any Defendant if, upon motion by any Plaintiff, the Court finds that a Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above, or that a Defendant is in default on any obligation under this Section.

F.     If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the First Amended Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order at the rate prescribed under 28 U.S.C. § 1961, as amended.

G.     Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

H.     The facts alleged in the First Amended Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of Plaintiffs, including in a proceeding to enforce their rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

I.     The facts alleged in the First Amended Complaint establish all elements necessary to sustain an action by Plaintiffs pursuant to Section 523(a)(2)(A) of the

10

Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

J.      Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to Plaintiffs, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

K.      All money received by Plaintiffs pursuant to this Order may be deposited into a fund administered by the FTC or its designee on behalf of both the FTC and the State of Florida.  This fund shall be used for consumer redress and any attendant expenses for the administration of any redress fund.  If Plaintiffs decide that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, Plaintiffs may, in their discretion, apply any remaining money for such other relief (including consumer notification or information remedies) as they determine to be reasonably related to Defendants' practices alleged in the First Amended Complaint.  Any money not used for relief shall be distributed among the FTC and the State of Florida in the following manner:

1.      The State of Florida shall be reimbursed for attorney's fees and costs it incurred in this matter, including its costs of investigation and litigation, to be deposited to the Florida Department of Legal Affairs Revolving Trust Fund.

2.      All remaining joint funds shall be divided equally between the FTC and the State of Florida, with half to be deposited to the U.S. Treasury

and half to be deposited to the Florida Department of Legal Affairs Revolving

Trust Fund for compliance and future monitoring.

     L.    Defendants have no right to challenge any actions Plaintiffs or their

representatives may take pursuant to paragraph K.

     M.    The asset freeze is modified to permit the transfers identified in this

Section.  Upon completion of those transfers, the asset freeze as to Defendants is

dissolved.

## V.   CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants and their officers, agents,

employees, and attorneys, and all other persons in active concert or participation

with any of them, who receive actual notice of this Order, whether acting directly or

indirectly, in connection with promoting or offering for sale any good or service are

permanently restrained and enjoined from directly or indirectly:

     A.    failing to provide sufficient customer information to enable Plaintiffs to

efficiently administer consumer redress.  Defendants represent that they have

provided this redress information to Plaintiffs.  If a representative of Plaintiffs

requests in writing any information related to redress, Defendants must provide it, in

the form prescribed by Plaintiffs, within 14 days;

     B.    disclosing, using, or benefitting from customer information, including

the name, address, telephone number, email address, social security number, other

identifying information, or any data that enables access to a customer's account

(including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order; and

C.    failing to destroy such customer information in all forms in their possession, custody, or control within 30 days after entry of this Order.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## VI.    RECEIVERSHIP TERMINATION

A.    IT IS FURTHER ORDERED that upon receipt of title and possession, the Receiver shall proceed to sell the Graham Real Property and Defendants' Personal Property, to the extent it had not already been sold.

1.    The Receiver shall use his business judgment to market and sell the Graham Real Property via public or private sale, in the manner he deems best suited to maximize the sale price.  The Receiver is authorized to proceed with a private sale, if he deems it appropriate, without regard to 28 U.S.C. § 2001.[2]  With the proceeds of the sale, the Receiver shall pay all necessary and reasonable expenses of sale to include, (i) if a private sale, a real estate commission not exceeding five percent of the sale price, or (ii) if a public sale, an auctioneer's commission not to exceed four percent of the sale price.  The Receiver also shall utilize the sale proceeds to pay all outstanding liens and mortgages encumbering the Graham Real Property.

2.     The Receiver shall use his business judgment to market and sell Defendants' Personal Property via public sale.  With the proceeds of the sale, the Receiver shall pay all necessary and reasonable expenses of sale, to include an auctioneer's commission not to exceed ten percent of the sale price, plus a "buyer's premium" to be paid by the purchaser of no more than ten percent.

B.     After the sale of the Graham Real Property and Defendants' Personal Property, the Receiver shall file reports with the Court detailing his activities and the results of the sale, including whether Individual Defendant complied with the turnover provisions above by transferring possession of the Graham Real Property and Defendants' Personal Property within the time frames set forth above, as well as whether they were turned over in the same conditions as they were on the date Defendants executed their sworn financial statements dated July 27, 2022.

C.     The Receiver must complete all duties within 120 days after entry of this Order, but any party or the Receiver may request that the Court extend that Receiver's term for good cause.[3] The Receiver shall complete liquidation of all assets described in Section IV.B without further order of the Court. The Receiver shall use the proceeds of the sales of these assets to pay any legitimate liens and necessary expenses relating to the sales.  Upon liquidation of these assets, the Receiver shall submit his final report and application for fees and expenses relating to the receivership over Corporate Defendant and the liquidation of the assets described in Section IV.B of this Order and upon approval by the Court, the Receiver shall transfer any remaining funds, less claims approved by the Court, to the Plaintiffs.

14

Upon the Court's approval of the Receiver's final report as to the Corporate Defendant, and the payment of any remaining funds to the Plaintiffs under this Section, the Receivership shall be terminated.

## VII.   ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.      Each Defendant, within 7 days of entry of this Order, must submit to Plaintiffs an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.      For 20 years after entry of this Order, Individual Defendant, for any business that she, individually or collectively with any other Defendant, is the majority owner or controls directly or indirectly, and the Corporate Defendant, must deliver a copy of this Order to:  (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section titled Compliance Reporting.  Delivery must occur within 7 days of entry of this Order for current personnel.  For all others, delivery must occur before they assume their responsibilities.

C.      From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## VIII.  COMPLIANCE REPORTING

IT IS FURTHER ORDERED that Defendants make timely submissions to the FTC:

A.     One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.     Each Defendant must:  (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of Plaintiffs may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Defendants must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to Plaintiffs.

2.     Additionally, the Individual Defendant must:  (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which the Defendant performs services whether as an employee or otherwise and any entity in which the Defendant has any ownership

interest; and (c) describe in detail the Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.     For 20 years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within 14 days of any change in the following:

1.     Each Defendant must report any change in: (a) any designated point of contact; or (b) the structure of the Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.     Additionally, the Individual Defendant must report any change in: (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.     Each Defendant must submit to Plaintiffs notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

17

D.     Any submission to Plaintiffs required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a representative of either Plaintiff in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580.  All submissions to the Florida Attorney General pursuant to this Order must be sent to: Office of the Attorney General, Consumer Protection Division, 1300 Riverplace Boulevard, Suite 405, Jacksonville, Florida 32207.  The subject line must begin: FTC v. Treashonna Graham et al., Case No. 3:22-cv-655.

## IX.   RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for 20 years after entry of the Order, and retain each such record for 5 years. Specifically, Corporate Defendant and each Individual Defendant for any business that such Defendant, individually or collectively with any other Defendants, is a majority owner or controls directly or indirectly, must create and retain the following records:

A.     accounting records showing the revenues from all goods or services

sold;

B.     personnel records showing, for each person providing services, whether as an employee or otherwise, that person's:  name; addresses; telephone numbers; job title or position; dates of service; and (if applicable) the reason for termination;

C.     records of all consumer complaints and refund requests, whether received directly or indirectly, such as through a third party, and any response;

D.     all records necessary to demonstrate full compliance with each provision of this Order, including all submissions to Plaintiffs; and

E.     a copy of each unique advertisement or other marketing material.

## X.     COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance with this Order, including the Financial Attestations upon which part of the judgment was suspended and any failure to transfer any assets as required by this Order:

A.     Within 14 days of receipt of a written request from a representative of either Plaintiff, each Defendant must:  submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.  Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, Plaintiffs are authorized to communicate directly with each Defendant. Defendants must permit representatives of Plaintiffs to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.     Plaintiffs may use all other lawful means, including posing, through its representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice. Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.     Upon written request from a representative of either Plaintiff, any consumer reporting agency must furnish consumer reports concerning Individual Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XI.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this

matter for all purposes.

SO ORDERED, this this ____4th____ day of __January__, 2022. 3    mmH

MARCIA MORALES HOWARD
United States District Judge

1.  In light of the Receiver's representation that the Graham Real Property was surrendered with "significant amounts of garbage," "far from broom clean," and otherwise "damaged in several respects," the Receiver may deduct from the $2,000 a reasonable amount necessary to clean and repair the Property but not to exceed $1,000.  See Receiver's Fourth Interim Report (Doc. 72) at 7 n.3.

2.  See Sec. & Exch. Comm'n v. EB5 Asset Manager, LLC, No. 15-62323-Civ-Lenard/Goodman, 2016 WL 7508252, at *2 (S.D. Fla. Mar. 25, 2016) (explaining that while the Court may not waive the mandatory requirements of s. 2001, the parties may do so by agreement).

3.  In the event the Receiver needs additional time to pursue fraudulent transfer claims against Chidozie Okike, see Receiver's Fourth Interim Report at 5, 8, 11, this will constitute good cause for an extension of the Receiver's term.

SO STIPULATED AND AGREED:

FOR PLAINTIFFS:

FEDERAL TRADE COMMISSION

Date: 11/22/2022

Miriam Lederer
Daniel Wilkes
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mail Drop CC-9528
Washington, D.C. 20580
(202) 326-2975 (Lederer), -3679 (Wilkes)
mlederer@ftc.gov; dwilkes@ftc.gov

FLORIDA ATTORNEY GENERAL

/s/ Carol E.A. DeGraffenreidt                   Date:   11/22/2022
Carol E.A. DeGraffenreidt
Office of the Attorney General
Consumer Protection Division
1300 Riverside Boulevard, Suite 405
Jacksonville, FL  32207
Carol.DeGraffenreidt@myfloridalegal.com

22

**FOR DEFENDANTS:**

Date: _10/27/22_

Robert D. Eckard, B.C.S.
Florida Bar No.: 0162655
Robert@RobertEckardLaw.com
Drew K. Patterson, ESQ.
Florida Bar No.: 1030836
Drew@RobertEckardLaw.com
3110 Palm Harbor Blvd.
Palm Harbor, FL  34683
(727) 772-1941 Telephone
(727) 771-7940 Facsimile
*Attorneys for Defendants Treashonna P. Graham and*
*C Lee Enterprises LLC*

Date 10/27/22

Treashonna P. Graham, in her individual capacity
and as an officer of C Lee Enterprises LLC

23

10/27

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FEDERAL TRADE COMMISSION, and

OFFICE OF THE ATTORNEY
GENERAL,
STATE OF FLORIDA,
DEPARTMENT OF LEGAL AFFAIRS,

Plaintiffs,

v.

TREASHONNA P. GRAHAM, et al.,

Defendants.

Case No. 3:22-cv-655-MMH-JBT

**ATTACHMENT A TO STIPULATED
ORDER FOR PERMANENT
INJUNCTION, MONETARY
JUDGMENT, AND OTHER RELIEF
AS TO DEFENDANTS
TREASHONNA P. GRAHAM AND C
LEE ENTERPRISES LLC**

The following are the property descriptions referred to in Section IV of the Stipulated Order for Permanent Injunction, Monetary Judgment, and other Relief as to Defendants Treashonna P. Graham and C Lee Enterprises LLC.

A.    The Graham Real Property referred to in Section IV.B.1 includes the real property, together with the structures, improvements, appurtenances, hereditaments, and other rights appertaining or belonging thereto, situated at 1159 SW Ichetucknee Avenue, Lake City, Florida 32024, with the legal description LOT 7 WHITE OAK PLANTATION, a subdivision according to the plat thereof recorded in Plat Book 6, Page 181, Public Records of Columbia County, Florida, Assessor's Parcel no. 18-5S-16-03644-107.

B.    The Graham Property referred to in Section IV.B.2 includes:

24

1.     Kia Telluride, with identification number

5XYP3DHC8LGO26601;

2.     "Jewelry - Watch" listed in item 17 of the sworn financial

statement of Individual Defendant Treashonna Graham signed on July 27,

2022.