UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

FEDERAL TRADE COMMISSION, and

OFFICE OF THE ATTORNEY
GENERAL,
STATE OF FLORIDA,
DEPARTMENT OF LEGAL AFFAIRS,

Plaintiffs,

v.

TREASHONNA P. GRAHAM, et al.,

Defendants.

Case No. 3:22-cv-655-MMH-JBT

[proposed] STIPULATED ORDER MMH
FOR PERMANENT INJUNCTION,
MONETARY JUDGMENT, AND
OTHER RELIEF AS TO RELIEF
DEFENDANT JOEY L. WILLIAMS

Plaintiffs, the Federal Trade Commission ("FTC"), and the Office of the

Attorney General, State of Florida, Department of Legal Affairs ("Florida Attorney

General"), filed on June 13, 2022, their Complaint for Permanent Injunction and

Other Equitable Relief ("Complaint") pursuant to Sections 13(b) and 19 of the

Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b; Section

1401(c)(1) of the COVID-19 Consumer Protection Act of the 2021 Consolidated

Appropriations Act, Pub. L. No. 116-260, 134 Stat. 1182, Title XIV, § 1401(c)(1), 15

U.S.C. § 45 note (Prohibiting Deceptive Acts or Practices in Connection With the

Novel Coronavirus) ("COVID-19 Consumer Protection Act" or "CCPA"); and the

Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida

Statutes ("FDUTPA"), on June 13, 2022. (Doc. 1). Plaintiffs subsequently filed their MMH

First Amended Complaint on August 8, 2022, naming Joey L. Williams, RFNF

Trucking LLC, and A Pot and Two Windows LLC as Relief Defendants. (Doc. 48). Plaintiffs and Relief Defendant Joey L. Williams stipulate to entry of this Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief ("Order") to resolve all matters in dispute in this action between them.

THEREFORE, IT IS ORDERED as follows:

## FINDINGS

1.    This Court has jurisdiction over this matter.

2.    The First Amended Complaint charges that Defendants participated in deceptive acts or practices in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); Section 1401(b)(2) of the CCPA, 15 U.S.C. § 45 note (CCPA § 1401(b)(2)); and the FDUTPA, Chapter 501, Part II, Florida Statutes in the operation of a grant writing and business consulting scheme.

3.    The First Amended Complaint also charges that Relief Defendant Joey L. Williams has received funds or assets from Defendants, that he has no legitimate claim to those funds or assets, that such funds or assets are subject to a constructive trust, and that he will be unjustly enriched if he is not required to relinquish the funds, assets, or the value thereof.

4.    Relief Defendant Joey L. Williams neither admits nor denies any of the allegations in the First Amended Complaint, except as specifically stated in this Order. Only for purposes of this action, Relief Defendant Joey L. Williams admits the facts necessary to establish jurisdiction.

2

5.    Relief Defendant Joey L. Williams waives any claim that he may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agrees to bear his own costs and attorney fees.

6.    Relief Defendant Joey L. Williams waives all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A.    "**Defendants**" means the Corporate Defendant and Individual Defendant, individually, collectively, or in any combination.

1.    "**Corporate Defendant**" means C Lee Enterprises LLC, also doing business as Grant Bae and Grant Bae Consulting and More, and each of its subsidiaries, affiliates, successors, and assigns.

2.    "**Individual Defendant**" means Treashonna P. Graham, and by whatever other name she may be known.

B.    "**Settling Defendant**" means Relief Defendant Joey L. Williams.

C.    "**Receiver**" means Mark J. Bernet, the receiver for the Corporate Defendant.

## ORDER

### I.    MONETARY JUDGMENT AND SUSPENSION

IT IS ORDERED that:

A.     Judgment in the amount of one hundred and fifteen thousand dollars ($115,000.00) is entered in favor of Plaintiffs against Settling Defendant as equitable monetary relief. This judgment is joint and several with the judgment against Defendants Treashonna Graham and C Lee Enterprises LLC by separate order, and it shall be joint and several with any other Relief Defendants to the extent subsequently ordered.

B.     The judgment is suspended subject to the Subsections below.

C.     Plaintiffs' agreement to the suspension of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Settling Defendant's sworn financial statements and related documents (collectively, "Financial Attestations") submitted to Plaintiffs, namely, the sworn financial statement of Relief Defendant Joey L. Williams signed on October 20, 2022.

D.     The suspension of the judgment will be lifted as to Settling Defendant if, upon motion by any Plaintiff, the Court finds that Settling Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

E.     If the suspension of the judgment is lifted, the judgment becomes immediately due as to Settling Defendant in the amount specified in Subsection A above (which the parties stipulate only for purposes of this Section represents the unjust enrichment received by Settling Defendant) plus interest computed from the date of entry of this Order at the rate prescribed under 28 U.S.C. § 1961, as amended.

4

F.     Settling Defendant relinquishes dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

G.     The facts alleged in the First Amended Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of Plaintiffs, including in a proceeding to enforce their rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

H.     The facts alleged in the First Amended Complaint establish all elements necessary to sustain an action by Plaintiffs pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

I.     Settling Defendant acknowledges that his Social Security Number, which Settling Defendant previously submitted to Plaintiffs, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

J.     All money received by Plaintiffs pursuant to this Order may be deposited into a fund administered by the FTC or its designee on behalf of both the FTC and the State of Florida. This fund shall be used for consumer redress and any attendant expenses for the administration of any redress fund. If Plaintiffs decide that direct redress to consumers is wholly or partially impracticable or money remains after such redress is completed, Plaintiffs may, in their discretion, apply any

5

remaining money for such other relief (including consumer notification or information remedies) as they determine to be reasonably related to Defendants' practices alleged in the First Amended Complaint. Any money not used for relief shall be distributed among the FTC and the State of Florida in the following manner:

1.      The State of Florida shall be reimbursed for attorney's fees and costs it incurred in this matter, including its costs of investigation and litigation, to be deposited to the Florida Department of Legal Affairs Revolving Trust Fund.

2.      All remaining joint funds shall be divided equally between the FTC and the State of Florida, with half to be deposited to the U.S. Treasury and half to be deposited to the Florida Department of Legal Affairs Revolving Trust Fund for compliance and future monitoring.

K.      Settling Defendant has no right to challenge any actions Plaintiffs or their representatives may take pursuant to ~~this Subsection~~ Paragraph J. MMH

## II.      ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Settling Defendant, within 7 days of entry of this Order, must submit to Plaintiffs an acknowledgment of receipt of this Order sworn under penalty of perjury.

## III.      REPORTING REQUIREMENTS

IT IS FURTHER ORDERED that Settling Defendant make timely submissions to the FTC:

6

A.     Settling Defendant must submit to Plaintiffs notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within 14 days of its filing.

B.     Any submission to Plaintiffs required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on: _____" and supplying the date, signatory's full name, title (if applicable), and signature.

C.     Unless otherwise directed by a representative of either Plaintiff in writing, all submissions to the FTC pursuant to this Order must be emailed to DEbrief@ftc.gov or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission, 600 Pennsylvania Avenue NW, Washington, DC  20580. All submissions to the Florida Attorney General pursuant to this Order must be sent to: Office of the Attorney General, State of Florida, Consumer Protection Division, 1300 Riverplace Boulevard, Suite 405, Jacksonville, Florida 32207.  The subject line must begin:  FTC v. Treashonna Graham et al., Case No. 3:22-cv-655.

## IV.    COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Settling Defendant's compliance with this Order, including the Financial Attestations upon which the judgment was suspended:

A.     Within 14 days of receipt of a written request from a representative of either Plaintiff, Settling Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying. Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.     For matters concerning this Order, Plaintiffs are authorized to communicate directly with Settling Defendant. Settling Defendant must permit representatives of Plaintiffs to interview any employee or other person affiliated with Settling Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.     Plaintiffs may use all other lawful means, including posing, through their representatives as consumers, suppliers, or other individuals or entities, to Settling Defendant or any individual or entity affiliated with Settling Defendant, without the necessity of identification or prior notice. Nothing in this Order limits the FTC's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.     Upon written request from a representative of either Plaintiff, any consumer reporting agency must furnish consumer reports concerning Settling Defendant, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## V.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this

matter for all purposes.

SO ORDERED, this this ___4th___ day of ___January___, 20~~22~~23.   (MMH)

_____
MARCIA MORALES HOWARD
United States District Judge

9

SO STIPULATED AND AGREED:

FOR PLAINTIFFS:

FEDERAL TRADE COMMISSION

Date: 11/22/2022

Miriam Lederer
Daniel Wilkes
Attorneys
Federal Trade Commission
600 Pennsylvania Avenue, N.W.
Mail Drop CC-9528
Washington, D.C. 20580
(202) 326-2975 (Lederer), -3679 (Wilkes)
mlederer@ftc.gov; dwilkes@ftc.gov

FLORIDA ATTORNEY GENERAL

/s/ Carol E.A. DeGraffenreidt

Date: 11/22/2022

Carol E.A. DeGraffenreidt
Office of the Attorney General
Consumer Protection Division
1300 Riverside Boulevard, Suite 405
Jacksonville, FL 32207
Carol.DeGraffenreidt@myfloridalegal.com

FOR RELIEF DEFENDANT JOEY L. WILLIAMS:

Date: 10-27-22

Joey L. Williams, in his individual capacity