UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FEDERAL TRADE COMMISSION,
et al.,

      Plaintiffs,

v.                                            CASE NO. 3:22-cv-655-MMH-JBT

TREASHONNA P. GRAHAM, etc.,
et al.,

      Defendants.
_____/

## ORDER

**THIS CAUSE** is before the undersigned on Plaintiffs' Motion for Entry of Default Judgments as to Relief Defendants RFNF Trucking LLC and A Pot and Two Windows LLC ("Motion") (Doc. 70). For the reasons stated herein, ruling on the Motion will be **DEFERRED** and, **on or before February 17, 2023**, Plaintiffs shall **show cause** in a supplemental memorandum of no more than twelve (12) pages why the undersigned should not recommend to the District Judge that the Motion be denied. Alternatively, **by that same date**, Plaintiffs can withdraw the Motion and file a notice indicating how they wish to proceed.

In short, the allegations of Plaintiffs' First Amended Complaint for Permanent Injunction, Monetary Relief, and Other Relief ("AC") (Doc. 48) do not appear to contain sufficient, non-conclusory facts from which the Court can draw the

reasonable inference that the subject Relief Defendants have no legitimate claim to the ill-gotten funds.

## I.   Background

Plaintiffs seek final default judgment and request monetary and other equitable relief against two of the relief defendants, RFNF Trucking LLC and A Pot and Two Windows LLC (the "Relief Defendants") pursuant to Count III of the AC. (Doc. 70 at 1–2; Doc. 48 at 28.)  Plaintiffs' Application for Clerk's Entry of Default Against Relief Defendants Joey L. Williams, RFNF Trucking LLC, and A Pot and Two Windows LLC (Doc. 62) was filed, and the Clerk subsequently entered default against all three relief defendants.  (Docs. 63, 64, & 65.)  The Court previously entered its Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief as to Relief Defendant Joey L. Williams (Doc. 77).  The Motion requests that a similar order be entered as to the subject Relief Defendants.  (*See* Doc. 70-3.)

## II.   Standard

Before the Court enters a default judgment in a case, a number of requirements must be met.  A plaintiff must show, by affidavit or otherwise, defendant's failure to plead or otherwise defend a lawsuit, and a default must have been entered.  Fed. R. Civ. P. 55(a).  After entry of the default, the plaintiff must apply to the Court for a default judgment, except in limited circumstances when application may be made to the clerk.  Fed. R. Civ. P. 55(b).  The Court must

ensure that it has subject matter jurisdiction over the claims and that the well-pled factual allegations of the complaint, which are deemed admitted upon entry of default, adequately state a claim for which relief may be granted.[1]  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1205–06 (5th Cir. 1975). Finally, a court should ensure it has personal jurisdiction over a defendant if it may be lacking.  *See Hart Dairy Creamery Corp. v. Kea Investments Ltd.*, No. 20-cv-20452-BLOOM/Louis, 2020 WL 3000209, at *2 (S.D. Fla. June 4, 2020).

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  To satisfy this standard, a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 556 (2007).  "[L]abels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.  *Iqbal*, 556 U.S. at 678 (internal citations and quotation marks omitted). Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Though detailed factual allegations are not

---

[1] If the relief sought includes a sum of damages that is "not liquidated or capable of mathematical calculation," the Court must conduct an evidentiary hearing. *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *SEC v. Smyth*, 420 F.3d 1225, 1231 (11th Cir. 2005).

required to satisfy this standard, Rule 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." *Iqbal*, 556 U.S. at 678–79. Rather, the well-pled allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III.  Analysis

Upon review of the AC, it appears that the Motion is due to be denied because the AC does not contain sufficient factual allegations to state a basis for equitable relief against the Relief Defendants.[2]

The court in *SEC v. Founding Partners Capital Mgmt.*, 639 F. Supp. 2d 1291 (M.D. Fla. 2009), explained: "A relief defendant, sometimes referred to as a 'nominal defendant,' has no ownership interest in the property that is the subject of litigation but may be joined in the lawsuit to aid in the recovery of relief. *Id.* at 1293 (citing *SEC v. Cavanagh*, 445 F.3d 105, 109 n. 7 (2d Cir. 2006)). In *SEC v. Colello*, 139 F.3d 674 (9th Cir. 1998), the Ninth Circuit defined a nominal defendant as:

> [A] person who holds the subject matter of the litigation in a subordinate or possessory capacity as to which there

---

[2] There may be other deficiencies in the Motion and AC. This Order is not meant to address all of them. It is Plaintiffs' responsibility to identify and correct any deficiencies.

> is no dispute. The paradigmatic nominal defendant is a trustee, agent, or depositary ... [who is] joined purely as a means of facilitating collection. As the nominal defendant has no legitimate claim to the disputed property, he is not a real party in interest.

*Id.* at 676 (internal quotation marks and citations omitted).

The *Founding Partners* court also explained: "A relief defendant is not accused of wrongdoing, but a federal court may order equitable relief against such a person where that person (1) has received ill-gotten funds, and (2) does not have a legitimate claim to those funds." *Founding Partners*, 639 F. Supp. 2d at 1293 (citing *SEC v. George*, 426 F.3d 786, 798 (6th Cir. 2005)).

In Count III, which incorporates no other paragraphs of the AC and which is titled "Relief Defendants Williams, RFNF Trucking LLC, and A Pot and Two Windows LLC," Plaintiffs allege the following:

> 105. Relief Defendants Williams, RFNF Trucking LLC, and A Pot and Two Windows LLC have received, directly or indirectly, funds or other assets from Defendants that are traceable to funds obtained from Defendants' customers as a result of the deceptive and unlawful acts or practices described herein.
>
> 106. Relief Defendants Williams, RFNF Trucking LLC, and A Pot and Two Windows LLC are not *bona fide* purchasers with legal and equitable title to Defendants' customers' funds or other assets, and Relief Defendants will be unjustly enriched if they are not required to relinquish funds or the value of the benefits they received as a result of Defendants' deceptive and unlawful acts or practices.

5

> 107. By reason of the foregoing, Relief Defendants Williams, RFNF Trucking LLC, and A Pot and Two Windows LLC hold funds and assets in constructive trust for the benefit of Defendants' customers.

(Doc. 48 at 28.)[3]

The foregoing allegations do not appear to contain sufficient facts to allow the Court to reasonably infer that the Relief Defendants "[do] not have a legitimate claim to [the ill-gotten] funds." *Founding Partners*, 639 F. Supp. 2d at 1293. Although paragraph 105 states that the Relief Defendants "received, directly or indirectly" ill-gotten funds, Count III does not allege sufficient facts regarding any such transfers, such as how or why the funds were transferred, whether any consideration was given by the Relief Defendants for the funds, or any other pertinent circumstances showing that the Relief Defendants have no legitimate interest in the funds. The conclusory labels used in paragraphs 106 and 107, i.e., that the Relief Defendants "are not *bona fide* purchasers with legal and equitable title to Defendants' customers' funds or other assets," that they "will be unjustly enriched if they are not required to relinquish funds or the value of the benefits they received," and that they "hold funds and assets in constructive trust for the benefit of Defendants' customers," are mere conclusions that amount to no more than

---

[3] Because the Court must guess as to which, if any, of the preceding paragraphs of the AC Plaintiffs meant to incorporate into Count III, the AC appears to be a shotgun pleading. *See Anderson v. Dist. Bd. of Trustees of Cent. Fla. Comm. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996) (citation omitted) ("[Plaintiff's] complaint is a perfect example of 'shotgun' pleading in that it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief.").

naked assertions. (Doc. 48 at 28); *see Iqbal*, 556 U.S. at 678. Thus, it appears that Plaintiffs have not adequately alleged that the Relief Defendants have no legitimate claim to the ill-gotten funds.

Even assuming that other allegations were meant to be incorporated into Count III, it still would likely be insufficiently pleaded. The only other allegations of the AC that appear to be directly related to the Relief Defendants are paragraphs 15, 16, 17, and 76. Paragraphs 15, 16, and 17 are just conclusory introductory paragraphs that add little factual content. (*See* Doc. 48 at 6–7.) Paragraph 76 provides:

> Defendants transferred some portion of the funds and assets derived from their conduct, described above, to Relief Defendants. For example, individual defendant Graham testified that she regularly transferred money derived from corporate defendant to Joey L. Williams, including over $100,000 she gave to him to start RFNF Trucking LLC. She also testified that she transferred corporate defendant funds to A Pot and Two Window's bank accounts and later used these funds to pay for personal expenses.

(*Id.* at 19.)

Although the allegations of paragraph 76 provide some facts, they still appear insufficient for the Court to reasonably infer that the Relief Defendants have no legitimate claim to the ill-gotten funds. As with the allegations of paragraphs 105, 106, and 107, there appears to be insufficient factual allegations regarding the circumstances of the transfers to justify equitable relief. Therefore, even

7

assuming that these other paragraphs were properly incorporated into Count III, the allegations would still fail to plead the second element required for establishing a basis for relief against a relief defendant. *See Founding Partners*, 639 F. Supp. 2d at 1293.

Further, throughout the Motion, Plaintiffs rely on "evidence" beyond the allegations of the AC to justify the relief sought. (Doc. 70 at 11.) For example, they cite to Defendant Treashonna Graham's and Relief Defendant Joey Williams' deposition testimony concerning the transfer of funds to the subject Relief Defendants. (*See* Doc. 70 at 11–12 ("During her deposition, Defendant Graham testified that in October 2021 she gifted $115,000 of those funds to Relief Defendant Joey Williams so he could start a trucking business. In his deposition, Williams acknowledged receiving the $115,000 and using that money to fund RFNF Trucking.") (footnote and citations omitted)); (*id.* at 12 ("During her deposition, Defendant Graham testified that she directed consumers' payments for Grant Bae services to A Pot and Two Windows LLC's payment processing accounts." Further, "Defendant Graham testified that such funds were sent to A Pot and Two Windows LLC because payment processing accounts associated with C Lee Enterprises were not functioning.") (citations omitted)); (*see also* Doc. 70-1 at 17–18, 19, 32.) However, a default judgment may be lawfully entered only "if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for entry of default judgment." *Nishimatsu*, 515 F.2d at

8

1206. Therefore, these additional facts asserted in the Motion will not be considered for the purposes of determining the sufficiency of Count III of the AC.

### IV. Conclusion

In sum, it appears that the AC fails to adequately allege that the Relief Defendants do not have a legitimate claim to the ill-gotten funds. However, Plaintiffs will be given an opportunity to address the deficiencies noted herein or, alternatively, Plaintiffs can withdraw the Motion and indicate how they wish to proceed.

Accordingly, it is **ORDERED**:

1. Ruling on the Motion (**Doc. 70**) is **DEFERRED**.

2. **On or before February 17, 2023**, Plaintiffs shall **show cause** in a supplemental memorandum of no more than twelve (12) pages why the undersigned should not recommend to the District Judge that the Motion be denied for the reasons stated herein. Alternatively, **by that same date**, Plaintiffs can withdraw the Motion and file a notice indicating how they wish to proceed.

**DONE AND ORDERED** in Jacksonville, Florida, on January 27, 2023.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

Counsel of Record

9