# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

FEDERAL TRADE COMMISSION,
et al.

      Plaintiffs,

vs.                             Case No. 3:22-cv-655-MMH-JBT

TREASHONNA P. GRAHAM, et al.,

      Defendants.
_____/

## ORDER TO SHOW CAUSE

**THIS CAUSE** is before the Court sua sponte. On January 4, 2023, the Court entered a Stipulated Order for Permanent Injunction, Monetary Judgment, and Other Relief as to Defendants Treashonna P. Graham and C Lee Enterprises LLC (Doc. 76; Stipulated Judgment). The Stipulated Judgment includes a $2,107,727.69 monetary judgment against Graham and C Lee Enterprises LLC, jointly and severally. See Stipulated Judgment, Part IV.A. The Court suspended this monetary judgment subject to Graham's full compliance with certain requirements. Id., Part IV.B. In particular, as relevant here, the Court required that Graham deliver to the appointed

Receiver[1] the watch identified on her personal financial statement. See id., Part IV.B.2. The deadline for doing so was January 11, 2023. Id.

On June 28, 2023, the Receiver filed his Sixth Interim Report (Doc. 86; Report). In the Report, the Receiver informs the Court that Graham has failed to relinquish the watch, described as a Cartier watch worth approximately $4,100. See Report at 11-13. The Receiver also reports that Graham has provided evasive answers as to the watch's whereabouts, and when warned about the possible consequences of noncompliance, she sent the Receiver a fake Cartier watch worth less than $50. See Report at 11-12. In light of this non-compliance, but in lieu of lifting the suspension on the full monetary judgment, the Receiver proposes that Graham should receive nothing from the sale of the previously seized Graham Real Property.[2] Given Graham's brazen failure to comply with the terms of the Stipulated Judgment, this proposal appears

---

[1] The Court appointed Mark Bernet, Partner at Akerman LLP, as the Receiver in this action. See Ex Parte Temporary Restraining Order [etc.] (Doc. 19) at 18; Stipulated Preliminary Injunction (Doc. 40) at 17. In his duties as Receiver, Bernet acts as an agent of this Court.

[2] Under the terms of the Stipulated Judgment, Graham was to receive $2,000 from the sale of the Graham Real Property, "provided that the Receiver determines that Graham has fully complied with her obligations pursuant to Section IV.B." See Stipulated Judgment, Part IV.C. This amount was reduced to $1,000 when Graham failed to surrender the Graham Real Property in "broom clean condition" as required by the Stipulated Judgment. See id. at 6, 9, 21 n.1; Report at 13 n.11. Thus, adopting the Receiver's proposal would result in a loss to Graham of the remaining $1,000 to which she would otherwise be entitled.

According to the Receiver, Plaintiffs have advised that if the Court directs that Graham receive nothing from the sale of the Graham Real Property, they will not seek to lift the suspension on the monetary judgment based on Graham's actions with respect to the watch, "although they would reserve the right to do so in the event of further violations of the [Stipulated] Judgment." See Report at 13.

entirely justified. Indeed, the Court questions whether additional penalties are necessary under the circumstances. Accordingly, it is

**ORDERED:**

Defendant Treashonna P. Graham is ordered to **SHOW CAUSE** by a written response filed on or before **August 7, 2023,** why the Court should not order that she receive nothing from the sale of the Graham Real Property and impose other additional penalties in light of her failure to comply with the terms of the Stipulated Judgment. Graham is cautioned that failure to respond may result in the imposition of sanctions without further notice.

**DONE AND ORDERED** in Jacksonville, Florida this 7th day of July, 2023.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

lc11
Copies to:

Counsel of Record
Pro Se Parties